THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

THELMA WILLIAMS,                                              PLAINTIFF
#50457

v.                           Case No. 4:20-cv-00940-KGB

GRIFFIN, *et al.*                                          DEFENDANTS

<u>ORDER</u>

Before the Court is the Proposed Findings and Recommendation submitted by United States Magistrate Judge Patricia S. Harris (Dkt. No. 19).  Plaintiff Thelma Williams has filed objections to the Proposed Findings and Recommendation (Dkt. No. 21).  After careful consideration of the Proposed Findings and Recommendation, the objections, and a *de novo* review of the record, the Court concludes that the Proposed Findings and Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 19).  The Court denies Williams's motion for leave to proceed *in forma pauperis* (Dkt. No. 11).

I.      **Background**

Williams filed a *pro se* complaint under 42 U.S.C. § 1983 on August 17, 2020, while incarcerated at the Saline County Jail (Dkt. No. 1).  On August 20, 2020, Williams was transferred to the Pulaski County Detention Facility (Dkt. No. 3).  Williams subsequently filed two amended complaints (Dkt. Nos. 10, 14).  At the Court's direction, Williams filed another amended complaint (Dkt. No. 17).

II.     ***In Forma Pauperis* Motion**

In her Proposed Findings and Recommendation, Judge Harris points out that the Court could dismiss Williams's case because Williams has three-strikes as defined by the Prison

Litigation Reform Act ("PLRA") (Dkt. No. 19, at 2).[1]  Nevertheless, Williams may proceed *in forma pauperis* if Williams falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. § 1915(g) (providing that three strikers should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

Judge Harris notes that there is an exception to dismissal if the prisoner is "under imminent danger of serious physical injury."  *See* 28 U.S.C. § 1915(g).  Judge Harris ordered Williams to amend the complaint to describe specific facts to support a claim that Williams is in danger of ongoing imminent serious physical injury, but Williams responded with references to prior complaints and other evidence previously submitted to the Court, none of which alleges that Williams is in imminent danger of serious physical injury (Dkt. Nos. 13, 17).  For these reasons, the Court could dismiss the case on this basis.

### III.    PLRA and Screening

Judge Harris recommends that the Court dismiss Williams's complaint on screening because Williams has not stated facts sufficient to support an Eighth Amendment deliberate indifference to medical needs claim regarding the COVID-19 diagnosis (Dkt. No. 19, at 3).  The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion

---

[1]  Prior to filing this lawsuit on August 17, 2020, Williams filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted.  *See Williams v. Gibson, et al.*, No. 5:07-cv-00178-SWW (E.D. Ark. 2007); *Williams v. Bennett, et al.*, No. 5:07-cv-00179-JMM (E.D. Ark. 2007); *Williams v. White, et al.*, No. 5:10-cv-00361-BSM (E.D. Ark. 2010).

thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."  *Id.*  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Liberally construing Williams's complaint, Judge Harris found that Williams claims that Williams tested positive for the COVID-19 virus but has not received medical treatment (Dkt. No. 19, at 3).  Judge Harris also found that Williams has not described any symptoms or illness experienced as a result of testing positive for the COVID-19 virus or whether Williams suffers any lasting illness (*Id.*).  Judge Harris concludes that Williams has failed to allege an objectively serious medical need requiring treatment in order to state a deliberate indifference claim (*Id.* at 4). This Court concurs.

## IV.    Analysis Of Objections

The Court writes separately to address Williams's objections (Dkt. No. 21).  In the objections, Williams complains about problems with legal mail and classification (Dkt. No. 21).

Additionally, Williams references a 13 page "motion" dated October 5, 2020, which Williams claims describes symptoms and illness resulting from the virus (Dkt. No. 21, at 3, 6-7).[2]  As Judge Harris advised Williams in her order dated October 6, 2020, this lawsuit concerns Williams's allegations of exposure to the COVID-19 virus at the Saline and/or Pulaski County detention facilities, and Williams may not bring unrelated claims concerning dental care, legal mail, or classification in this lawsuit (Dkt. No. 16, at 1).  On the topic of COVID-19, Williams again asserts that Williams tested positive for the COVID-19 virus (Dkt. No. 21, at 6).  Williams claims that Williams was "denied medication and medical treatment" and references documents previously filed with the Court that Williams asserts support a claim that Williams "had or have serious

---

[2]  The Court received and has considered a 13-page document from Williams dated October 5, 2020, which is titled "Motion Evidence's [sic] Medical Office" (Dkt. No. 18, at 2).  Reading this filing liberally, Williams complains that he has not received adequate care for alleged dental pain, that jail officials did not send Williams's legal mail to the Court, that jail officials are denying Williams sick calls, that Williams was exposed to COVID-19, that Williams has not been tested for COVID-19 at the Pulaski County Detention Facility, that jail officials have not handled properly disciplinaries, that the virus is eating on Williams's body, and that Williams is losing weight (Dkt. No. 18).  The Court received and has considered a six page document from Williams dated November 4, 2020, which is titled "Motion for Summary Judgment Now . . Against Defendants with Documents" (Dkt. No. 23).  Reading this filing liberally, Williams complains about the handling of his legal mail, jail officials denying him a COVID-19 test, his exposure to COVID-19, and his jail classification (Dkt. No. 23, at 2-4, 6).  The Court received and has considered a nine page document from Williams dated November 20, 2020, which is titled "Motion for Summary Judgment" (Dkt. No. 25).  Reading this filing liberally, Williams complains about the law library, handling of his legal mail, "harassment" by several officers, contamination of his food, and his pills being stolen (Dkt. No. 25, at 3-7).  The Court received and has considered a four page document from Williams dated December 7, 2020, which is titled "Motion for Summary Judgment" (Dkt. No. 26).  Reading this filing liberally, Williams complains of jail officials denying him sick call and of Ms. Flowers, who is not a defendant in this case, denying him "court" (Dkt. No. 26, at 2-4).  The Court received and has considered a seven page document from Williams dated December 10, 2020, which is titled "Motion for Summary Judgment Now," in which he copies this court on a grievance (Dkt. No. 27).  The Court received and has considered a four page document from Williams dated January 21, 2021, titled "Motion for Summary Judgment Now . . And . . . Motion for Emergency Now on a Defendant" (Dkt. No. 28).  Reading this filing liberally, Williams complains that something is being put in his food and that jail officials, particularly defendant Takeika, are denying him access to the law library, legal envelopes, and harassing him (Dkt. No. 28, at 2-4).

physical harm." (Dkt. No. 21 at 6-7).  Upon a *de novo* review of the record, including the Proposed Findings and Recommendation and Williams's objections, the Court finds that Williams's objections break no new ground and fail to rebut the Proposed Findings and Recommendation (Dkt. Nos. 15, 18).  The Court overrules Williams's objections.

### V.     Conclusion

For these reasons, the Court adopts the Proposed Findings and Recommendation in its entirety as this Court's findings in all respects (Dkt. No. 19).  The Court denies Williams's motion for leave to proceed *in forma pauperis* (Dkt. No. 11).  The Court denies Williams's other pending motions as moot (Dkt. Nos. 23, 24, 25, 26, 27, 28).  The Court orders that Williams's complaint and amended complaints are dismissed without prejudice for failure to state a claim upon which relief may be granted (Dkt. Nos. 1, 10, 14, 17).  Dismissal of this action counts as a "strike" within the meaning of 28 U.S.C. § 1915(g).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

It is so ordered this 29th day of January, 2021.

Kristine G. Baker
United States District Judge